UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY RUSSO,                )<br>                            )<br>         Plaintiff,         )<br>                            )     NO:  3:13-cv-00348-JPG-DGW<br>vs.                         )<br>                            )<br>BRONCOR, INC. and BRIAN J.  )<br>LARSON,                     )<br>                            )<br>         Defendants.        ) | |

**HIPAA QUALIFIED PROTECTIVE ORDER**

Now pending before the Court is the Motion for Protective Order filed by Plaintiff, Mary Russo, on July 25, 2013 (Doc. 28).  The Motion is **GRANTED**.

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The parties to this litigation and/or their attorneys are hereby authorized to receive, produce, subpoena, use and transmit "protected health information" pertaining to the individuals listed on Exhibit "A" of Plaintiff's under seal motion for HIPAA Qualified Protective Order (Doc. 28), to the extent and subject to the conditions outlined herein.

2.      For purposes of this HIPAA Qualified Protective Order "protected health information" shall include and is limited to IOM medical reports generated by Broncor or its agents and Medicare billing information regarding those individuals listed on Exhibit "A" of Plaintiff's under seal motion for an HIPAA Qualified Protective Order.

3.      The parties and their attorneys shall be permitted to use or disclose the above-described "protected health information" for purposes of prosecuting or defending this action, including any appeals of this case.  This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial

consultants, and other entities or persons involved in the litigation process.

4. Prior to disclosing the above-described "protected health information" to persons involved in this litigation, counsel shall inform each such person that the "protected health information" may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the "protected health information" do not use or disclose such information for any purpose other than this litigation.

5. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of "protected health information" received from counsel pursuant to paragraph four of this Order, shall return the "protected health information" to the covered entity or destroy any and all copies of the "protected health information", *except* that counsel are not required to secure the return or destruction of "protected health information" submitted to the Court.

6. This Order does not control or limit the use of "protected health information" pertaining to patients on whom surgical procedures were performed, during which IOM was conducted by employees and/or independent contractors working for Broncor, that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. §160.103.

7. Nothing in this Order authorizes counsel for the parties to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

8. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and

when the parties seek to file any "protected health information" under seal.

**IT IS SO ORDERED.**

**DATED: September 4, 2013**

                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**